15191

GOZA v. J. I. CASE CO. *ET AL.*

(12 S. E. (2d), 733)

January, 1940.

*Mr. Marion Moise,* for appellant,

*Mr. M. M. Weinberg,* for respondent.

December 31, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff brought this action against defendants on a joint cause of action. The case was heard by his Honor, Judge Mann. The defendant J. I. Case Company set up in its answer a counterclaim on a cause of action growing out of the transaction upon which both of the defendants are sued. In other words, plaintiff claims against both defendants for damages for an alleged breach of contract to cut plaintiff's oat crop for the year 1937. Both defendants answered and Sumter Milling Company set up a general denial; the Case company, in addition to a general denial, entered a counterclaim for $1,000.00 for the use of certain of its machinery in the cutting of the crop. The plaintiff replied to the answer and counterclaim by denying all of the allegations of the counterclaim not consistent with the complaint.

The case was heard by his Honor, Judge Mann, and a jury. Each defendant moved for nonsuit and directed verdict, which motions were denied. Thereupon, without previous notice by demurrer or otherwise, the plaintiff moved the Court to dismiss the counterclaim. This motion was refused. The jury found for plaintiff in the sum of $169.00, against both defendants, and for J. I. Case Company on its counterclaim in the sum of $610.00. The plaintiff's attorney moved to set aside the verdict in favor of the Case Company. By consent of counsel, the motion was marked "Heard", and

was thereafter heard by Judge Mann, who filed an order setting aside the verdict on the counterclaim and dismissing the counterclaim. The appeal is from that order.

During the trial and after the motions for nonsuit and directed verdict had been refused, the plaintiff's attorney said to the Court: "If your Honor pleases, my construction of the case is that this was purely a joint contract between J. I. Case Company and Sumter Milling Company on the one hand and Mrs. Goza on the other, and that one of the defendants could not maintain a counterclaim. And we ask that the counterclaim of J. I. Case Company be dismissed."

The motion was refused and there was no appeal from that order.

After the motion to set aside the verdict on the counterclaim, which was made on the same ground upon which the motion to dismiss the counterclaim had been made and refused, had been marked on the docket "Heard", the Court then adjourned *sine die*. After such adjournment and before the hearing of argument on the motion, plaintiff's attorney served on counsel for defendants notice of two motions, viz. :

"The plaintiff respectfully moves the Court to set aside the verdict rendered upon the counterclaim herein :

"In that the motion to direct a verdict thereon and the oral demurrer taken thereto should have been sustained inasmuch as the same does not properly lie in a case of this kind and the same failed to state facts sufficient to constitute a cause of action and under the express reservation of the Code no waiver of the same could arise by pleading to said counterclaim or by taking testimony thereon.

   \*   \*   \*

"The plaintiff hereby renews the demurrer and motion to strike the counterclaim in the above-styled action on the ground that the same fails to state facts sufficient to constitute a cause of action or counterclaim upon the following grounds :

"1. In that the complaint is based upon a joint contract against two defendants who are jointly sued thereon and

the counterclaim shows upon its face that the same is not a joint counterclaim.

"2. In that said counterclaim shows upon its face that it fails to allege any joint counterclaim of the two defendants so sued and therefore does not constitute a cause of action or counterclaim against this plaintiff."

To the letter of plaintiff's attorney containing the notices of the motions, defendants' attorney replied: "I have your favor of January 30, enclosing formal motions in which you state, 'I am enclosing you herewith two formal motions which simply set out the grounds of the motion noted in open Court.' I beg to advise that the motion made in open Court by you was that the verdict of the jury in favor of the Case Company against Mrs. Goza be set aside on the same grounds of your motion to dismiss the counterclaim. I have had the stenographer furnish me with the transcript of the records showing your original motion and they do not contain such grounds as set out in your formal notices. You will please advise me whether you have forwarded these motions to the Judge as I would like to call this to his attention as I do not wish to appear to agree with your construction of the motion when the record does not bear you out."

The appeal of the Case Company from the order setting aside the verdict on its counterclaim by its exceptions raises an issue which in our judgment disposes of the matter. When the presiding Judge marked the motion to set aside the verdict on the counterclaim "heard," it meant that he would hear it as the matter then stood. He could not hear it on questions or issues not made in the trial and appearing in the record of the trial. He did have other matters brought to his attention by the motions made after the Court had adjourned *sine die.* The only matter before him when he marked the motion "Heard", and the Court adjourned was involved in the motion which had been made on trial to dismiss the counterclaim on the ground that there were two defendants and one alone could not "maintain a counterclaim." That his Honor heard and decided the motion in

part on the matters contained in the motions made after the Court adjourned, is made apparent by his order itself. We quote from it:

"* * * This motion was marked heard by me when presiding in Sumter and subsequently upon my return to Sumter I heard the attorneys fully on this motion and an oral demurrer, which was mailed, according to the statements of the attorneys, by the attorney for the plaintiff to the attorney for the defendant on January 30, 1940; this argument was before me on the 14th day of February, 1940, and the grounds of the motion argued are set out in full below:

* * *

"In that the motion to direct a verdict thereon and the oral demurrer taken thereto should have been sustained inasmuch as the same does not properly lie in a case of this kind and the same failed to state facts sufficient to constitute a cause of action and under the express reservation of the Code no waiver of the same could arise by pleading to said counterclaim or by taking testimony thereon.

"In that there was no testimony to go to the jury to support a verdict on such a counterclaim and therefore the Judge should have directed a verdict.

* * *

"I also find that the statute relating to the notice of the grounds was substantially complied with. The right involved being of such a substantial nature had the plaintiff requested sufficient time to file a notice immediately after the rendition of the verdict I would not have hesitated to grant the same.

"I am therefore convinced that the motion to strike the counterclaim should be granted and also that there was no evidence to go to the jury on any valid counterclaim and therefore a direction of verdict should have been had upon the trial of the case.

* * *

"It is further ordered that the said counterclaim be dismissed as it has no proper place in a joint action of this kind."

We are satisfied that his Honor erred in considering and acting upon matters and issues which were not heard nor acted upon at the trial ·of the case and which were brought to his attention after the Court had adjourned *sine die*. The motion should have been decided as it stood at the time it was marked "Heard" by him. See the case of *Ralph v. Southern Ry. Co.*, 160 S. C., 229, 158 S. E., 409.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.